**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 13, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40145
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN JASON SOLLEDER,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-121-1
---------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

John Jason Solleder appeals his sentence following his guilty-plea conviction for possession with intent to distribute five grams or more, but less than 50 grams of cocaine base. Solleder argues that the district court erred in converting $4,400 in cash that was recovered from his residence into a quantity of cocaine base and including this amount of drugs in the computation of his base offense level. Solleder asserts that the district court failed to determine that this constituted relevant conduct and that the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

quantity of drugs seized did not accurately reflect the scale of the offense. He also contends that the money found at his residence did not consist solely of sums from the sale of cocaine base but also related to transactions involving other controlled substances and included gambling winnings.

During the sentencing proceedings, a written statement from Solleder was admitted in which he stated that the money found at his house came from the sale of crack cocaine. Additionally, an investigator with the Texas Department of Public Safety testified that Solleder told him that the money was obtained from the sale of drugs on the day that he was arrested. This evidence supports the district court's decision to overrule Solleder's objections and to adopt the PSR. The district court did not clearly err by determining that evidence of additional cocaine transactions constituted relevant conduct, nor did it clearly err by converting the currency to a quantity of cocaine base. See United States v. Vital, 68 F.3d 114, 118 (5th Cir. 1995); United States v. Bethley, 973 F.2d 396, 401 (5th Cir. 1992).

AFFIRMED.